

FILED

06/29/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: PR 21-0001

IN THE SUPREME COURT OF THE STATE OF MONTANA

PR 21-0001

_____

STATE OF MONTANA,

Plaintiff,

vs.

CODY CLAY PETERS,

Defendant.

FILED

JUN 29 2021

Bowen Greenwood
Clerk of Supreme Court,
State of Montana

O R D E R

_____

Defendant Cody Clay Peters, via counsel, has filed an affidavit in support of his request to disqualify the Honorable Rienne McElyea from presiding in Cause No. DC-2020-11 in the Sixth Judicial District Court, Sweet Grass County, pursuant to § 3-1-805, MCA.

Section 3-1-805, MCA, provides that an affidavit for disqualification for cause must allege facts showing personal bias or prejudice of the presiding judge. The affidavit of Peters's counsel Jami Rebsom includes her belief that Judge McElyea determined Peters's sentence prior to hearing. Rebsom explains that Peters pled guilty to two counts of assault with a weapon pursuant to a plea agreement which provided that the State would request a sentence of 10 years to the Department of Corrections with all but one year suspended while Peters could argue for any sentence he believed appropriate, including a deferred sentence. Rebsom asserts that prior to the sentencing hearing, she spoke to Judge McElyea's law clerk to determine if Peters could appear in person at the Gallatin County District Court for his sentencing hearing. The law clerk informed her that Peters would need to appear in Sweet Grass County because he would be going into custody there. Rebsom asked if Judge McElyea had already decided to sentence Peters to custody. The law clerk put Rebsom on hold but Rebsom disconnected the call before the hold ended.

The law clerk called Rebsom and informed her that the law clerk had misunderstood Judge McElyea: Peters would need to appear in Sweet Grass County because he would have conditions there. Rebsom further asserts that at a later telephone conference, the District Court informed the parties it had confirmed the Gallatin County Sheriff could take Peters into custody from Gallatin County, but that Judge McElyea was willing to travel to Sweet Grass County for the sentencing hearing.

Rebsom alleges that Judge McElyea has already determined Peters's sentence without hearing the evidence he intends to present at sentencing and Judge McElyea should therefore be disqualified from this case. Rebsom's allegation is purely speculative. First, the law clerk explained he had misunderstood Judge McElyea regarding the reason for Peters's appearance in Sweet Grass County. Second, a custodial sentence is clearly a possibility in this case; Judge McElyea's investigation of the logistics of taking Peters into custody after the sentencing hearing does not demonstrate that she has determined to impose a custodial sentence.

Peters has not met the requirements of § 3-1-805, MCA, and it is unnecessary to appoint a district judge to hear this matter.

IT IS THEREFORE ORDERED that the motion to disqualify District Rienne McElyea from Sweet Grass County Cause No. DC-2020-11 is DENIED.

The Clerk is directed to provide copies of this Order to the Clerk of the District Court of Sweet Grass County for notification to all counsel of record in Cause No. DC-2020-11, and to the Honorable Rienne McElyea.

DATED this 29th day of June, 2021.

_____
Chief Justice

2